PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. ANTHONY REY                                Docket Number: 10-cr-00180-REB-02

**Amended Petition for Issuance of Warrant Due to Violations of Supervised Release**

COMES NOW, Kit Griffin, probation officer of the Court, presenting an official report upon the conduct and attitude of Anthony Rey who was placed on supervision by the Honorable Robert E. Blackburn sitting in the Court at Denver, Colorado, on the 29th day of October, 2010, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations pursuant to the Court's judgement and sentence.

2) The defendant shall participate in a program of testing and treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

3) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the original violation petition [Document 52] filed January 31, 2014, be amended to include additional information pertaining to Violation Number 2.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 3rd day of September, 2014, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/ Kit L. Griffin* |
| | Kit L. Griffin |
| **s/ Robert E. Blackburn** | U.S. Probation Officer |
| Robert E. Blackburn | Place: Denver, Colorado |
| U.S. District Judge | Date: September 2, 2014 |

**ATTACHMENT**

On October 12, 2011, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The defendant's term of supervised release commenced on October 7, 2011.

The defendant has committed the following violations of supervised release:

1.   **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER:**

On September 23, 2013, the defendant was contacted by Denver Police officers and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 23, 2013, the defendant was pulled over for a routine traffic stop, in which he was the passenger. He was arrested on an outstanding warrant; Assault 3 (M2); Driving Under Restraint Alcohol Related (M); Driving Under Restraint (M); No Insurance (T); Driving Without A License (T2); Leaving Scene of an Accident (T2); and Failing to Report Accident (T2), Denver County Court Case Number 13M09050. The warrant stemmed from an altercation that took place on January 13, 2013. According to police reports, the defendant and a female friend engaged in a physical altercation while driving down the street. The defendant was driving his female friend's car and the friend exited the car when he slowed down. The defendant then pulled over leaving the car in gear and chased her on foot. The driver-less car rolled into two parked cars causing damage to both. According to the report, the defendant punched the female in the head several times before she was able to get help. The defendant fled from the scene in the vehicle.

The defendant released on bond to pretrial services on September 26, 2013. He was placed on a global positioning system (GPS) monitor as a condition of bond. A jury trial is set for April 8, 2014.

According to the defendant, he did not know a warrant was issued since he left the scene and did not have police contact on that date. On October 2, 2013, I met with the defendant to address his failure to report the above noted contact within 72 hours. He said that he did not report the contact as he feared he would be in trouble. I reminded him that he must report all police contact pursuant to his conditions of supervised release.

2.   **VIOLATION OF THE LAW (Felon in Possession of a Firearm):**

On or about December 29, 2013, the defendant committed the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony. This offense constitutes a Grade (A) violation of supervised release.

This charge is based on the following facts:

On December 30, 2013, the defendant was arrested by Adams County Sheriff's deputies and charged with Possession of Weapons by Previous Offender (F6), Violation Protection Order (M1); Obstructing a Police Officer (M2); and Weapon-prohibited Use-drunk W/gun, Adams

County Court Case Number 2013CR3709.  On December 31, 2013, the defendant was released on a $1,500 bond, which was posted by his mother.

On January 2, 2014, I received a message from the defendant stating that he and his cousin got pulled over (that was the extent of the message).  On January 6, 2014, I attempted to make telephone contact with the defendant in regard to the above noted incident.  I called two different telephone numbers, one for the defendant, and the other for his mother, both of which were disconnected.  I attempted more calls on January 7, 2014, with no contact.  Finally, on January 13, 2014, I received a voice mail from the defendant leaving me a new telephone contact number. I called him back and advised him to report to my office on January 15, 2014.  He reported to the office on that date but failed to tell me anything about theoffense or the significance of the incident.

On March 26, 2014, an Indictment was filed in U.S. District Court, District of Colorado, Docket Number 1:14-cr-00106-REB-01, charging the defendant with Count 1: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  On April 7, 2014, all charges alleged in Adams County Court Case Number 2013CR3709 were dismissed pursuant to filing of the federal Indictment.  On July 8, 2014, the defendant pleaded guilty to Count 1 of the Indictment. Sentencing is scheduled for October 16, 2014.

The following description of the offense is recited verbatim from the Plea Agreement filed under Docket Number 1:14-cr-00106-REB-01 on July 8, 2014 [Document 17]:

"The parties agree that the government's evidence would be as follows: On December 29, 2013, an Adams County Sheriff Office (ACSO) Deputy responded to speak with a party who had called 911 to report that Anthony Rey was in possession of the reporting party's shotgun and was making threats to the reporting party (the "RP") and his wife for "snitching." The RP explained that he had left his shotgun at Mr. Rey's house two weeks earlier. The RP then explained that Mr. Rey came to the RP's house on December 28, 2013 and that the RP's wife saw Mr. Rey interact with a woman such that she alleged to Mr. Rey's wife that he had been unfaithful to her. In response, Mr. Rey sent text messages to the RP that contained statements including, "come get it, I hope you believe in Jesus." [Rey disputes texting the phrase "come get it." Rey asserts that the RP sent the text "come get it" in response to an earlier text from Rey.] The RP felt threatened by these texts and believed that Mr. Rey was going to harm him with the shotgun. [Rey disputes that the RP believed that Rey would harm him *with the shotgun.]* [Rey further disputes that he knowingly placed or attempted to place the RP in fear of imminent serious bodily injury with a weapon.]

"Because the RP did not know Mr. Rey's house number, the ACSO deputy followed him there. As the RP arrived at Mr. Rey's house and pointed it out to the deputy, the deputy saw Mr. Rey run out of the front door carrying a black shotgun. Mr. Rey originally exited the house with the shotgun pointed in the air but then dropped the shotgun to the "ready position" as he continued out of the house. [Rey disputes that he transitioned the shotgun into a "ready position."]

"When Mr. Rey saw the officer, who had drawn his weapon and run around his vehicle, Mr. Rey ran back inside the house followed by a female. Two teenagers were also near the doorway. Mr. Rey then ran back outside without the shotgun and yelled profanities at the deputy. Mr. Rey did not comply with the deputy's orders to get down

on the ground. Other officers arrived and forcefully took Mr. Rey into custody. While the deputy was addressing Mr. Rey, he saw the female exit the back of the house and attempt to climb a fence. The deputy ordered her to stop and put her hands up. She complied and when officers conducted a security sweep of that area they found a black shotgun that appeared to have been tossed over that fence. The shotgun was a Sun City Machinery Model 350 12-gauge shotgun, loaded with five rounds in the magazine and none in the chamber. There were also five rounds of ammunition in the side ammunition holster. A firearms expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives analyzed the shotgun and ammunition and concluded that the shotgun is functional, and that neither the shotgun nor the ammunition was manufactured in Colorado. Therefore, the firearm and ammunition had all traveled in or affected interstate commerce.

"Mr. Rey has been convicted of at least two felony offenses. In Case No. D0162004Cr001363 in the District Court, Denver County, Colorado, he was convicted of felony menacing in violation of C.R.S. § 18-3-206(1 )(a)/(b). In Case No. 1 O-cr-00180-REB in the U.S. District Court for the District of Colorado, he was convicted of counterfeiting and aiding and abetting in violation of 18 U.S.C. §§ 471 and 2. Defendant was on supervised release for his conviction in 10-cr-00180-REB on December 29, 62014."

## 3.    POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about January 15, 2014, the defendant used or administered a controlled substance, marijuana, which had not been prescribed to him by a physician.  This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 15, 2014, I met with the defendant at the probation office about his recent contact with law enforcement and to collect a urine sample.  The defendant said that his urinalysis may be positive for marijuana, not because he had smoked it, but because he was around people who smoke now that it was legal in the state.  After a few minutes, he admitted to "smoking" marijuana two days prior to this meeting.  The defendant then submitted a urine sample which tested positive for marijuana.  The defendant signed an admission form admitting to using marijuana two days prior to reporting to the probation office.  He said he "smoked" marijuana because he thought he was going back into custody.